IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERTO JUAREZ SALINAS, | § | |
| | § | |
| V. | § | A-11-CA-963-SS |
| | § | |
| TEXAS DEPARTMENT OF FAMILY | § | |
| FAMILY AND PROTECTIVE SERVICES | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules.  Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## STATEMENT OF THE CASE

Petitioner is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division.  He is currently serving a four-year term of imprisonment for violation of a protective order and assault causing bodily injury - family violence.  Petitioner does not challenge his holding convictions.  Rather, he challenges the termination of his parental rights.

## DISCUSSION AND ANALYSIS

The Court is without jurisdiction to consider the termination of Petitioner's parental rights. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody,

and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "custody" requirement is jurisdictional, i.e. the federal courts have no authority to entertain a petition for a writ of habeas corpus on behalf of someone who is not subject to some sort of state-imposed restraint. Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (where habeas petitioner was released from prison while his habeas petition was pending in federal court, the issue was "not mootness in the technical or constitutional sense, but whether the statute defining the habeas corpus jurisdiction of the federal judiciary in respect of person in state custody is available here."); Jones v. Cunningham, 371 U.S. 236, 238 (1963) (the habeas corpus jurisdictional statute implements the constitutional command that habeas corpus be made available, but limits that availability to those "in custody").

Although Congress and the federal courts have over the years expanded the reach of federal habeas corpus, the writ has never been deemed "a generally available federal remedy for every violation of federal rights." Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510 (1982) (mother could not challenge a state court judgment terminating her parental rights through the federal habeas corpus statute, 28 U.S.C. § 2254). Petitions under 28 U.S.C. § 2254 involve "challenges to state-court judgments in situations where-as a result of a state-court criminal conviction-a petitioner has suffered substantial restraints not shared by the public generally." Id. at 510. No such situation is presented in this child custody dispute. Because Petitioner is challenging state court custody decisions, the Court is without jurisdiction to consider the habeas application.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE